Execution Copy

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re UNITED RENTALS, INC. SECURITIES LITIGATION ) | Master File No. 3:04-cv-1615(CFD) |
| ) | CLASS ACTION |
| This Document Relates To: ) | |
| ALL ACTIONS. ) | |

# STIPULATION OF SETTLEMENT

This Stipulation of Settlement, dated January 22, 2009 (the "Stipulation"), is made and entered into pursuant to Rule 23 of the Federal Rules of Civil Procedure, and contains the terms of a settlement by and among the following parties to the above-captioned Litigation: (i) Lead Plaintiff City of Pontiac Policemen's and Firemen's Retirement System (on behalf of itself and each of the Class Members, as defined below), and (ii) Defendants United Rentals, Inc. ("United Rentals"), Wayland R. Hicks, Bradley S. Jacobs, John N. Milne, Michael J. Nolan and Joseph Sherk, by and through their respective undersigned counsel of record in the above-captioned matter.

This Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims, as defined in ¶1.19 below, against the Released Persons, as defined in ¶1.21 below, upon and subject to the terms and conditions hereof and subject to the approval of this Court, as defined below.

## I. THE LITIGATION

On and after September 27, 2004, three securities class action complaints were filed in the United States District Court for the District of Connecticut (the "Court") on behalf of purchasers or acquirors, during defined periods of time, of publicly-traded securities issued by United Rentals, alleging violations of the Securities Exchange Act of 1934 (the "Exchange Act") and regulations thereunder.

All three cases were subsequently consolidated in an action captioned *In re United Rentals, Inc. Securities Litigation*, Master File No. 3:04-cv-1615-CFD (the "Action"). On November 8, 2005, the Court appointed City of Pontiac Policemen's and Firemen's Retirement System as Lead Plaintiff, and approved Lead Plaintiff's selection of Lead Plaintiff's Counsel and Liaison Counsel.

On June 5, 2006, Lead Plaintiff filed a Consolidated Amended Complaint for Violations of the Federal Securities Laws (the "CAC"), alleging that during the Class Period (February 28, 2001 through August 30, 2004), Defendants made certain false and/or misleading statements that resulted in injury to the members of the Class when they purchased securities issued by United Rentals. On the basis of those allegations, Lead Plaintiff asserted claims under Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 thereunder. All Defendants moved to dismiss the CAC and Lead Plaintiff opposed those motions. Oral argument on the motions was continued pending settlement negotiations.

Following arm's-length negotiations among the parties, on March 7, 2008, the parties reached an agreement in principle to settle all claims in the Action, as embodied herein.

## II. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have expressly denied, and continue to deny, all allegations of any wrongdoing or liability against them whatsoever arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. The Defendants also have denied and continue to deny, *inter alia*, the allegations that the prices of securities issued by United Rentals were artificially inflated by reason of any alleged misrepresentations, non-disclosures or otherwise, that Lead Plaintiff or any member of the Class suffered any damages, or that Lead Plaintiff or any members of the Class were harmed by any conduct alleged in the Action or that could have been alleged therein. Defendants do not in any way acknowledge any fault or liability. This Stipulation and all related documents are not, and shall not in any event be construed or deemed to be, evidence of, or an admission or concession on the part of the Defendants with respect to, any claim or any fault or liability or wrongdoing or damage whatsoever, or any infirmity in Defendants' defenses.

Nonetheless, the Defendants have concluded that further conduct of the Action would be protracted, time-consuming, expensive and distracting, including, without limitation, to United Rentals and its management, and that it is desirable that the Action be fully and finally settled. The Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Action. The Defendants have, therefore, determined that it is desirable and beneficial that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III. CLAIMS OF THE LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

Lead Plaintiff's Counsel, on behalf of Lead Plaintiff, has conducted an extensive investigation relating to the claims and the underlying events and transactions alleged in the CAC. Lead Plaintiff's Counsel's investigation included: (i) review of United Rentals' SEC filings, regulatory filings and reports, securities analysts' reports and advisories about United Rentals, press releases, and other public statements issued by United Rentals; (ii) review of media reports about United Rentals; (iii) interviews with persons who claimed to have knowledge of the alleged misconduct, some of whom were former employees of United Rentals; and (iv) review of pleadings and media reports concerning governmental inquiries related to United Rentals and certain of its former officers, including Messrs. Milne and Nolan.

Lead Plaintiff believes that the claims asserted in the Action have merit. However, Lead Plaintiff and Lead Plaintiff's Counsel recognize the expense and length of continued proceedings necessary to prosecute the Action against the Defendants through trial and appeal. Lead Plaintiff and Lead Plaintiff's Counsel also have taken into account the uncertain outcome and the risk of litigation, especially in complex cases like this Action, as well as the difficulties and delays

inherent in such litigation. Lead Plaintiff's Counsel also is mindful of the inherent problems of proof of, and possible defenses to, the allegations asserted in the Action.

Accordingly, Lead Plaintiff, by its counsel, conducted discussions and arm's-length negotiations with counsel for Defendants with respect to a compromise and settlement of the Action, with a view to settling the issues in dispute against the Defendants and achieving the best relief possible consistent with the interests of the Class.

Based upon their investigation as set forth above, Lead Plaintiff's Counsel has concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiff and the Class, as defined below, and in their best interests. Lead Plaintiff's Counsel and Lead Plaintiff believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class and each of the Class Members, as defined in ¶1.3 below, and have agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering: (a) the benefits that Lead Plaintiff and the members of the Class will receive from the settlement of the Action; (b) the attendant risks of litigation; and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

## IV. PROVISIONAL CLASS CERTIFICATION

For purposes of settlement pursuant to this Stipulation only, Defendants shall not object to the certification of a class, subject to the Court's approval. If this Stipulation is not approved by the Court, however, then (a) Defendants shall retain all rights to (i) object to and oppose class certification, or (ii) challenge the standing of the Lead Plaintiff or any other intervening plaintiff; and (b) this Stipulation and any motion or other papers filed in support of its approval shall not be offered as evidence of any agreement, admission or concession that any class should be or remain certified in this matter, or that Lead Plaintiff or other intervening plaintiff has standing or any legal right to represent any class.

## V. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Lead Plaintiff (on behalf of itself and each of the Class Members, as defined below) and Defendants, by and through their respective undersigned counsel or attorneys of record, without any admission or concession on the part of Lead Plaintiff of any lack of merit of the Action whatsoever, and without any admission or concession by Defendants of any liability or wrongdoing or lack of merit in the defenses to the Action whatsoever, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and in consideration of the benefits flowing to the Settling Parties from this Settlement, that the Action and all Released Claims as against the Released Persons shall be finally and fully compromised, settled, released and dismissed with prejudice as to all Released Persons, upon and subject to the following terms and conditions:

### 1. Certain Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.1 "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2 "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3 "Class" and "Class Members" mean all Persons who, during the Class Period, purchased or otherwise acquired publicly-traded securities issued by United Rentals. Excluded from the Class are: (a) the Defendants, members of the immediate families of the Defendants, the directors, executive officers, subsidiaries and affiliates of United Rentals, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant, and the legal

representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded party; and (b) any putative Class Members who timely and validly exclude themselves from the Class in accordance with the requirements set forth in the Notice of Pendency and Proposed Settlement of Class Action to be sent to Class Members.

1.4 "Class Period" means the period between February 28, 2001 and August 30, 2004, inclusive.

1.5 "Defendants" means United Rentals and each of the Individual Defendants.

1.6 "Effective Date of Settlement" or "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in ¶12.1 below.

1.7 "Escrow Agent" means Coughlin Stoia Geller Rudman & Robbins LLP or its successor(s).

1.8 "Individual Defendants" means Wayland R. Hicks, Bradley S. Jacobs, John N. Milne, Michael J. Nolan and Joseph Sherk.

1.9 "Judgment" means the proposed order and final judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

1.10 "Lead Plaintiff" means City of Pontiac Policemen's and Firemen's Retirement System.

1.11 "Lead Plaintiff's Counsel" means Coughlin Stoia Geller Rudman & Robbins LLP or its successor(s).

1.12 "Liaison Counsel" means Scott + Scott, LLC.

1.13 "Notice" means the Notice of Pendency and Proposed Settlement of Class Action, which is to be sent to Class Members, substantially in the form attached hereto as Exhibit A-1.

1.14 "Order for Notice and Hearing" means the proposed order to be entered by the Court preliminarily approving the Settlement and directing notice thereof to the Class, substantially in the form attached hereto as Exhibit A.

1.15 "Person" means an individual, corporation, partnership, limited partnership, limited liability partnership (LLP), limited liability company (LLC), association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, and assignees.

1.16 "Plaintiffs' Counsel" means any counsel who have appeared on behalf of any plaintiff in the Action (and any successors thereof).

1.17 "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses and such attorneys' fees, costs, expenses and interest as may be awarded by the Court. Any Plan of Allocation is not part of this Stipulation and the Released Persons shall have no responsibility with respect thereto.

1.18 "Proof of Claim" means the proposed Proof of Claim and Release form to be submitted by Class Members, substantially in the form attached hereto as Exhibit A-2.

1.19 "Released Claims" means all claims (including Unknown Claims) and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, including any claims under the Securities Exchange Act of 1934 and regulations promulgated thereunder, that Lead Plaintiff or any member of the Class asserted, or could have asserted, in the CAC as a result of purchasing, acquiring, selling, exercising, holding or voting, during the Class Period, any security issued by United Rentals

(including, without limitation, all claims arising out of or related to any disclosures, public filings, registration statements, proxy statements or other statements by United Rentals or any other Defendant), based upon or arising out of any facts, allegations or claims set forth in, or that could have been set forth in, the CAC.

1.20 "Released Defendants' Claims" means any and all claims (including Unknown Claims) and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law that Defendants, or the successors or assigns of any of them, could have asserted in the Action or any forum against Lead Plaintiff, any member of the Class or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action, excluding any claims for breaches of this Stipulation.

1.21 "Released Persons" means Defendants and the immediate family members, heirs, executors, administrators, successors, assigns, present and former employees, insurers and reinsurers, officers, directors, attorneys, legal representatives, and agents of each of them, and any person or entity which is or was related to or affiliated with any Defendant, or in which any Defendant has or had a controlling interest and the present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, employees, officers, directors, attorneys, assigns, and agents of each of them.

1.22 "Settlement" means the settlement embodied in this Stipulation.

1.23 "Settling Parties" means, collectively, each of the Defendants and the Lead Plaintiff on behalf of itself and each of the Class Members.

1.24 "Summary Notice" means the Summary Notice for publication, substantially in the form attached hereto as Exhibit A-3.

1.25 "United Rentals" means United Rentals, Inc., its divisions, parents, affiliates, subsidiaries, predecessors and successors.

1.26 "Unknown Claims" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description which Lead Plaintiff, any member of the Class or any Defendant does not know or suspect to exist in his, her or its favor at or after the time of the execution of this Stipulation which, if known by him, her or it, might have affected any decision by him, her or it with respect to the Settlement.

**2. Scope and Effect of Settlement**

2.1 The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action and any and all Released Claims as against all Released Persons and any and all Released Defendants' Claims.

2.2 Upon the Effective Date, Lead Plaintiff and every member of the Class, on behalf of themselves and each of their heirs, executors, administrators, successors and assigns, and any persons they represent, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Persons, and shall forever be enjoined from prosecuting any Released Claim against any of the Released Persons.

2.3 Upon the Effective Date, Defendants on behalf of themselves and their successors and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Defendants' Claims against Lead Plaintiff, every member of the Class and Plaintiffs' Counsel, and shall forever be enjoined from prosecuting any Released Defendants' Claims against Lead Plaintiff, any member of the Class and Plaintiffs' Counsel.

### 3. The Settlement Consideration

3.1 In full settlement of the Released Claims, within ten (10) business days of the Court's entry of an order granting preliminary approval of the Settlement, United Rentals shall, on behalf of itself and the Individual Defendants, pay or cause to be paid Twenty-Seven Million Five Hundred Thousand Dollars ($27,500,000) (the "Settlement Amount") into a separate interest-bearing escrow account maintained by the Escrow Agent on behalf of Lead Plaintiff and the Class. The sum in the interest-bearing escrow account, from which any Taxes (as defined below) and other expenses and costs as described below shall be paid, shall be the "Settlement Fund."

3.2 The Settlement Fund, net of any Taxes (as defined below) on the income thereof, shall be used to pay (i) the Notice and Administration Costs referred to in ¶5.2 hereof, and (ii) the attorneys' fee and expense award referred to in Section 6 hereof. The balance of the Settlement Fund after the above payments shall be the "Net Settlement Fund" which shall be distributed to the Authorized Claimants as provided in ¶¶7.1-7.5 hereof.

#### a. The Escrow Agent

3.3 The Escrow Agent shall invest any funds in the Settlement Fund in excess of Two Hundred Fifty Thousand Dollars ($250,000.00) in short-term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government, or an agency thereof, with a maturity date of less than 181 days, and shall reinvest the proceeds of those instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall invest the Settlement Fund within seven (7) business days after receipt. Any funds held by the Escrow Agent in escrow hereunder in an amount of less than Two Hundred Fifty Thousand Dollars ($250,000.00) shall be held in an interest-bearing bank account insured by the FDIC with a nationally recognized financial institution. Until the Effective Date, bank

statements of the escrow account are to be provided to a designee of Defendants on a monthly basis. The Escrow Agent shall bear all risks related to investment of the Settlement Fund and shall indemnify the Released Persons and hold them harmless from and against any losses related to investment of the Settlement Fund. The Escrow Agent's rights and responsibilities under this Stipulation cannot be assigned or delegated without reasonable notice to the Settling Parties and Court approval.

3.4 All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed or returned to the person(s) paying the same pursuant to this Stipulation and/or further order(s) of the Court.

3.5 Prior to the Effective Date, the Escrow Agent shall not disburse any portion of the Settlement Fund except (i) pursuant to ¶¶ 3.6(c), 5.2 and 6.1 of this Stipulation; (ii) by order of the Court; or (iii) with the prior written consent of counsel for United Rentals.

**b. Taxes and Tax Expenses**

3.6 (a) The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation §1.468B-2(k)(3). In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provision of this ¶3.6, including the "relation-back election" (as defined in Treasury Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b) For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶3.6(a) hereof) shall be consistent with this ¶3.6 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶3.6(c) hereof.

(c) All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriment that may be imposed upon the Defendants or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (ii) expenses and costs incurred in connection with the taxation of the Settlement Fund and operation and implementation of this ¶3.6 (including, without limitation, expenses of tax attorneys and/or accountants) and mailing and distribution costs and expenses related to filing (or failing to file) the returns described in this ¶3.6 ("Tax Expenses") shall be paid out of the Settlement Fund. The Defendants and Released Persons and their counsel shall have no liability or responsibility for the payment of any Taxes or Tax Expenses. The Escrow Agent shall indemnify and hold each of the Defendants and Released Persons and their counsel harmless from and against any Taxes and/or Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund, and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be

obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Reg. §1.468B-2(l)(2)). Neither the Released Persons nor their counsel are responsible for, nor shall they have any liability for, any Taxes and/or Tax Expenses. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent necessary to carry out the provisions of this ¶3.6.

**c. Termination of Settlement**

3.7 In the event that the Effective Date does not occur, or the Stipulation is not approved by the Court, or is terminated, cancelled, or fails to become effective for any reason, the Settling Parties agree that the Escrow Agent shall refund to United Rentals or to such Person that paid the Settlement Amount, the Settlement Fund (including accrued interest) less the expenses, set forth in ¶5.2 below, actually incurred or due and owing in connection with the Settlement within ten (10) business days.

**4. Preliminary Approval, Notice Order and Settlement Hearing**

4.1 As soon as practical following execution of the Stipulation, Lead Plaintiff's Counsel shall submit the Stipulation, together with its Exhibits, to the Court and shall apply for entry of an Order for Notice and Hearing, substantially in the form of Exhibit A hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of the Notice and publication of the Summary Notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto. The Notice and Summary Notice shall also include the general terms of the Fee and Expense Application as defined in ¶6.1 hereof and the date of the Settlement Hearing as defined below. Lead Plaintiff's Counsel shall be responsible for providing notice to the Class.

4.2 Lead Plaintiff's Counsel shall request that after the Notice and Summary Notice are mailed and published, respectively, the Court hold a hearing (the "Settlement Hearing") to consider and determine whether to approve the Settlement as fair, reasonable and adequate, and whether the Judgment should be entered approving the Settlement as set forth herein and dismissing the Action with prejudice. At or after the Settlement Hearing, Lead Plaintiff's Counsel will also request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**5. Administration of the Settlement Fund**

5.1 The Claims Administrator, subject to such supervision and direction of the Court and/or Lead Plaintiff's Counsel as may be necessary or as circumstances may require, shall administer the Settlement, including administering and calculating the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. Defendants, the Released Persons and their counsel shall have no liability, obligation or responsibility whatsoever for the administration of the Settlement, the investment of the Settlement Amount, the Plan of Allocation, the distribution of the Net Settlement Fund (except for the obligations stated herein with respect to transfer records), or any losses incurred in connection with such matters. The Escrow Agent shall indemnify and hold harmless the Released Persons and their counsel from and against any losses, claims or expenses (including reasonable attorneys' fees) arising from or relating to the administration of the Settlement, the investment of the Settlement Amount, the Plan of Allocation or the distribution of the Net Settlement Amount; *provided*, *however*, that nothing in this ¶5.1 shall relieve United Rentals of its obligations to (a) pay or cause to be paid the Settlement Amount to the Escrow Agent, as provided herein; and (b) cause its stock transfer agent to produce the company's transfer records and shareholder information to Lead Plaintiff's Counsel or the Claims Administrator, at United

Rentals' expense, within ten (10) business days of the execution of this Stipulation, for the purpose of identifying and giving notice to the Class.

5.2 All reasonable costs and expenses of notice to Class Members and administration of the Settlement Fund, escrow fees, taxes, custodial fees and expenses incurred in connection with processing Proofs of Claim or distributing the Settlement Fund (the "Notice and Administration Costs"), shall be paid from the Settlement Fund. Upon the establishment and funding of the Settlement Fund, a sum not to exceed Two Hundred Thousand Dollars ($200,000.00) of the Settlement Fund shall be allocated for the express purpose of providing notice of the Settlement and to administer the Settlement pursuant to the terms of the Order for Notice and Hearing ("Notice and Administration Fund"), and unspent funds shall be returned to the Settlement Fund. Funds may be disbursed from the Notice and Administration Fund for these purposes without further approval of the Court. The Notice and Administration Fund shall be administered by the Escrow Agent as part of the Settlement Fund. Upon the Effective Date, Lead Plaintiff's Counsel may pay from the Settlement Fund any Notice and Administration Costs associated with the administration of the Settlement, the processing of submitted claims, and distribution of the Net Settlement Fund to Authorized Claimants in excess of the Notice and Administration Fund.

**6. Plaintiffs' Counsel's Attorneys' Fees and Expenses**

6.1 Plaintiffs' Counsel will make an application to the Court (the "Fee and Expense Application") for an award from the Settlement Fund of attorney fees and expenses in connection with prosecuting the Action, plus interest on such attorney fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) in an amount to be approved by the Court. The Fee and Expense Application may include a request by Lead Plaintiff for reimbursement of its time and expenses incurred in representing the Class (together, the "Lead

Plaintiff Expenses"). Defendants shall not oppose the Fee and Expense Application. Such attorney fees and expenses as are awarded by the Court (the "Fee and Expense Award") shall be paid from the Settlement Fund to Lead Plaintiff's Counsel immediately upon award by the Court, notwithstanding any collateral attack on the Settlement or any part thereof. Notwithstanding any other provision of this Stipulation, no portion of the Fee and Expense Award reflecting an award of Lead Plaintiff Expenses shall be disbursed from the Settlement Fund prior to the Effective Date.

6.2 Lead Plaintiff's Counsel shall allocate the attorney fees amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contribution of such counsel to the prosecution and settlement of the Action. The Released Persons and their counsel shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiffs' Counsel, and/or any other person who may assert some claim thereto, of any Fee and Expense Application, or any award relating thereto that the Court may make in the Action.

6.3 In the event that the Effective Date does not occur, or the Judgment or the order approving the Fee and Expense Award is reversed or modified, or the Fee and Expense Award is reduced or reversed by the Court or by any appellate court, or the Stipulation is terminated or cancelled for any reason (each, a "Repayment Event"), Plaintiffs' Counsel shall be obligated, jointly and severally, to repay to the Settlement Fund an amount equal to the sum of (a) the lesser of (i) the amount of the Fee and Expense Award or the amount of any reduction, as the case may be, or (ii) the aggregate amount previously paid out of the Settlement Fund on account of the Fee and Expense Award; plus (b) interest at the same net rate as is earned by the Settlement Fund. Plaintiffs' Counsel shall make such repayment within five (5) business days after receiving notice of the occurrence of a Repayment Event from counsel for any Defendant or from a court of appropriate jurisdiction. Each law firm, as a condition of receiving payment of attorney fees,

expenses and costs from the Settlement Fund, on behalf of itself and each of its partners and/or shareholders, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for purposes of enforcing the provisions of this paragraph.

6.4 The procedure for and the disallowance by the Court of any applications by Plaintiffs' Counsel for attorney fees, expenses and costs to be paid out of the Settlement Fund are not part of the Settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation. The procedure for and the disallowance by the Court of any application for Lead Plaintiff Expenses to be paid out of the Settlement Fund are not part of the Settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation. Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action set forth herein.

**7. Distribution to Authorized Claimants**

7.1 The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation to be described in the Notice and approved by the Court.

7.2 The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized claim (as defined in the Plan of Allocation described in the Notice attached hereto as Exhibit A-1, or in such other Plan of Allocation as the Court approves).

7.3 The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that the Plan of Allocation be approved.

7.4 Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her, or its recognized claim compared to the total recognized claims of all accepted claimants. Defendants shall have no involvement in reviewing or challenging claims.

7.5 Lead Plaintiff's Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator. Lead Plaintiff's Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim submitted in the interests of achieving substantial justice.

7.6 For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an "Authorized Claimant," the following conditions shall apply:

(a) Each Class Member shall be required to submit a Proof of Claim (see Exhibit A-2 hereto), supported by such documents as are designated therein, including proof of the Class Member's transactions in United Rentals' publicly traded securities, or such other documents or proof as Lead Plaintiff's Counsel, in its discretion, may deem acceptable;

(b) All Proofs of Claim must be submitted by the date specified in the Notice unless such period is extended by Order of the Court. Any Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by Order of the Court, a later submitted Proof of Claim by such Class Member is approved), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the

Released Persons concerning the Released Claims. A Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(c) Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Plaintiff's Counsel, who shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below;

(d) Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the Class Member in order to remedy the curable deficiencies in the Proof of Claim submitted. The Claims Administrator, under supervision of Lead Plaintiff's Counsel, shall notify, in a timely fashion and in writing, all Class Members whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Class Member whose claim is to be rejected has the right to a review by the Court if the Class Member so desires and complies with the requirements of subparagraph (e) below; and

(e) If any Class Member whose claim has been rejected in whole or in part desires to contest such rejection, the Class Member must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Class Member's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Plaintiff's Counsel shall thereafter present the request for review to the Court.

7.7 Each Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to the Class Member's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Class Member's status as a Class Member and the validity and amount of the Class Member's claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

7.8 Payment pursuant to this Stipulation shall be deemed final and conclusive against all Class Members. All Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Persons concerning the Released Claims.

7.9 All proceedings with respect to the administration, processing and determination of claims described by Section 7 of this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

7.10 The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after: (i) all claims have been processed, and all Class Members whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iii) all matters with respect to attorney fees have been resolved by the Court, all appeals

therefrom have been resolved or the time therefor has expired; and (iv) all costs of administration have been paid.

7.11 If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (a) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, (b) second, to pay any additional settlement administration fees and expenses, including those of Lead Plaintiff's Counsel as may be approved by the Court, and (c) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If after six (6) months following such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, the Claims Administrator shall donate any funds remaining in the Net Settlement Fund to an appropriate not-for-profit or charitable organization.

7.12 The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to, the investment or distribution of the Net Settlement Fund, the Plan of

Allocation, the determination, administration or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.

7.13 No person shall have any claim against the Defendants, the Released Persons, or their counsel based on any distribution made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

7.14 It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Judgment approving the Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.

**8. Terms of Order for Notice and Hearing**

Concurrently with their application for preliminary Court approval of the Settlement contemplated by this Stipulation, Lead Plaintiff's Counsel and Defendants' counsel jointly shall apply to the Court for entry of an Order for Notice and Hearing, substantially in the form attached hereto as Exhibit A.

**9. Terms of Order and Final Judgment**

If the Settlement contemplated by this Stipulation is approved by the Court, counsel for the Settling Parties shall request that the Court enter the Judgment, substantially in the form attached hereto as Exhibit B.

**10. Right of Exclusion and Objection**

10.1 Any person may seek to be excluded from the Class and the Settlement provided for by this Stipulation by submitting a written request for exclusion. Any request for exclusion must be submitted to the Claims Administrator at least twenty-eight (28) calendar days before the Settlement Hearing date established by the Court. Any Class Member so excluded shall not be bound by the terms of the Stipulation, nor entitled to any of its benefits, and shall not be bound by any order and final judgment and/or other order of the Court entered herein, whether pursuant to this Stipulation or otherwise.

10.2 Any Class Member who does not exclude himself, herself or itself from the Class and the Settlement shall have the right to submit written objections concerning the Settlement, Plan of Allocation, and/or the Fee and Expense Application, which objections shall state all of the reasons for the objections (*e.g.*, a mere statement that "I object" shall not be deemed sufficient). Any written objection(s), and any briefs, affidavits or other evidence submitted in support thereof must be filed with the Clerk of the Court and served on Lead Plaintiff's Counsel and counsel for Defendants at least twenty-eight (28) calendar days before the Settlement Hearing date established by the Court. All persons desiring to attend the Settlement Hearing and be heard as objectors must have filed written objections as provided herein, as a condition of appearing and being heard at such hearing. Any Class Member who does not timely file written objections to the Settlement pursuant to this paragraph and the Notice shall not be permitted to object to the Settlement at the Settlement Hearing, and shall be foreclosed from objecting to, challenging or otherwise seeking review of the Settlement by appeal or otherwise, in this Action or in any other action.

10.3 To retract or withdraw a request for exclusion, a Class Member must file a written notice with the Claims Administrator stating the person's or entity's desire to retract or withdraw

his, her, or its request for exclusion and that person's or entity's desire to be bound by any judgment or settlement in this Action; *provided*, *however*, that the filing of such written notice may be effected by Lead Plaintiff's Counsel. Lead Plaintiff's Counsel shall promptly notify Defendants' counsel of any retraction or withdrawal of a request for exclusion.

**11. Termination of Settlement**

11.1 Subject to Section 12 hereof, United Rentals has the option to terminate the Settlement in the event that the aggregate number of shares of United Rentals publicly traded securities purchased during the Class Period by Class Members who would otherwise be entitled to participate as members of the Class, but who timely and validly request exclusion, equals or exceeds a certain percentage of the total number of United Rentals publicly traded securities that traded during the Class Period, as set forth in a Supplemental Agreement between United Rentals and Lead Plaintiff.

11.2 If United Rentals elects to exercise the option set forth in ¶11.1 hereof, written notice of such election must be provided to Lead Plaintiff's Counsel on or before five (5) calendar days prior to the Settlement Hearing. Such notice may be served by hand delivery or fax. United Rentals may withdraw its election by providing written notice of such termination, by hand delivery or fax, to Lead Plaintiff's Counsel no later than 5:00 p.m. Eastern Time on the day prior to the Settlement Hearing, or by such later date as the Settling Parties agree in writing.

11.3 If United Rentals elects to terminate the Settlement pursuant to ¶11.1 hereof, Lead Plaintiff's Counsel may review the validity of any Class Member's request for exclusion from the Class and may attempt to cause retraction or withdrawal of any request for exclusion. No Defendant or Released Person shall in any way interfere with, obstruct or seek to enjoin efforts by Lead Plaintiff to seek to cause those Class Members who requested exclusion from the Class to withdraw their requests for exclusion. If, by the day before the Settlement Hearing (or a later

date agreed upon in writing), Lead Plaintiff is successful in reducing the number of excluded Class Members so that those Class Members excluded, in the aggregate, purchased shares in an amount less than the percentage of the total number of shares of United Rentals publicly traded securities traded during the Class Period, as set forth in the Supplemental Agreement, then any termination of the Settlement by United Rentals shall automatically be deemed null and void. In that event, Lead Plaintiff's Counsel shall serve on counsel for the Defendants by hand delivery or fax a statement identifying the Class Members who have withdrawn their requests for exclusion from the Class.

11.4 If United Rentals elects to terminate the Settlement in accordance with ¶11.1 and such withdrawal is not nullified in accordance with ¶11.3, the Stipulation shall be withdrawn and terminated and deemed null and void, and the provisions of ¶12 shall apply.

**12. Effective Date of Settlement, Waiver or Termination**

12.1 The Effective Date of the Settlement shall be five business days after the date on which Lead Plaintiff's Counsel delivers written notice to counsel for Defendants that all of the following have occurred:

(a) entry of the Order for Notice and Hearing in all material respects in the form attached hereto as Exhibit A;

(b) payment of the Settlement Amount to the Escrow Agent by or on behalf of United Rentals;

(c) approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(d) expiration of the time for United Rentals to exercise its option to terminate the Stipulation in accordance with the terms of the Supplemental Agreement described in ¶11.1 hereof, without the exercise of that option; and

(e) entry by the Court of the Judgment, in all material respects in the form set forth in Exhibit B attached hereto, and the expiration of any time for appeal or review of such Judgment, or, if any appeal is filed and not dismissed, after such Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal, review by writ of certiorari or mandamus, or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and Defendants do not elect to terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review.

12.2 Upon the Effective Date, any and all remaining interest or right of the Defendants in or to the Settlement Fund, if any, shall be extinguished. If all of the conditions specified in ¶12.1 hereof are not met, then the Stipulation shall be cancelled and terminated subject to ¶¶12.3 and 12.4 hereof, unless Lead Plaintiff's Counsel and counsel for the Defendants mutually agree in writing to proceed with implementation of the terms of the Stipulation.

12.3 Defendants' counsel or Lead Plaintiff's Counsel shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other Settling Parties hereto within thirty (30) days of: (a) the Court's declining to enter the Order for Notice and Hearing in any material respect; (b) the Court's refusal to approve this Stipulation or any material part of it; (c) the Court's declining to enter the Judgment in any material respect; (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (e) the date upon which an Alternative Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. Lead Plaintiff's Counsel shall also have the right to terminate the Settlement 30 days after United Rentals' failure to timely pay, or cause to be paid, the Settlement Amount.

12.4 Except as otherwise provided herein, in the event that the Stipulation is not approved by the Court, or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms for any reason, then the Settling Parties shall be deemed to have reverted to their respective status in the Action immediately prior to the execution of this Stipulation. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.26, 3.7, 6.3, 13, 15.4-15.7, 15.9 and 15.11-15.15 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding, or be admissible as evidence, for any purpose. Except as otherwise expressly provided herein, the Settling Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Settlement Amount that United Rentals paid or caused to be paid, together with any interest earned thereon, less any Taxes due with respect to such income, and less costs of administration and notice actually incurred whether paid or not paid, shall be returned within ten (10) business days from the date the Settlement is terminated or fails to become effective.

**13. No Admission of Wrongdoing**

This Stipulation, all negotiations, statements, and proceedings in connection herewith and any act performed or document executed pursuant to, in furtherance of, or in connection with the Stipulation or the Settlement shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of the Lead Plaintiff, any Defendant, any Class Member, or any other person, of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any civil, criminal or administrative action or proceeding in any court, administrative agency or other tribunal (except an action to enforce this Stipulation and the Settlement contemplated hereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed

to be evidence of, an admission or concession that Lead Plaintiff, any member of the Class, any present or former stockholder of United Rentals, or any other person, has or has not suffered any damage.

**14. Waivers**

14.1 With respect to any and all Released Claims and Released Defendants' Claims, Lead Plaintiff, the members of the Class and Defendants stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall waive, and each member of the Class shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, the provisions, rights and benefits of section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and Defendants shall expressly waive, and each member of the Class shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by the law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542.

14.2 Lead Plaintiff and the members of the Class may hereafter discover facts in addition to or different from those which they or any of them now know or believe to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff and the members of the Class shall have expressly fully, finally and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or

equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

14.3 Lead Plaintiff acknowledges, and the members of the Class shall be deemed by operation of the Judgment to have acknowledged, that the waivers and releases set forth in ¶¶ 14.1 and 14.2 hereof, and the inclusion of "Unknown Claims" in the definitions of Released Claims and Released Defendants' Claims, were separately bargained for and are key elements of the Settlement.

**15. Miscellaneous Provisions**

15.1 All of the Exhibits attached to this Stipulation are material and integral parts hereof, and are hereby incorporated by reference as though fully set forth herein.

15.2 The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation; and (c) agree to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

15.3 The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action, including all facts and claims that were asserted or which could be asserted by Lead Plaintiff and the Class Members against the Released Persons with respect to the Released Claims, and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated at arm's length in good faith by the Settling Parties, and reflect a Settlement that was reached voluntarily after consultation with experienced legal counsel. Lead Plaintiff, on behalf of itself and the Class, and Defendants, agree not to assert in any forum that the Action was brought by

Lead Plaintiff or defended by Defendants in bad faith or without a reasonable basis. The Settling Parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action, and the Judgment shall contain a provision that during the course of the Action, the Settling Parties and their respective counsel at all times hereto complied with and satisfied the requirements of Rule 11.

15.4 Neither this Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission, concession, or evidence of the validity of any Released Claim, or of any wrongdoing or liability of any of the Defendants, or infirmity in any defenses asserted; or (b) is or may be deemed to be or may be used as an admission, concession, or evidence of any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or tribunal for any purpose other than to enforce the provisions of this Stipulation (and the Exhibits hereto) or the provisions of any related agreement or release. Defendants may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.5 All agreements made and orders entered during the course of this Action relating to the confidentiality of documents and information shall survive this Stipulation pursuant to their terms.

15.6 This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by or on behalf of all Settling Parties hereto or their respective attorneys or successors-in-interest.

15.7 The headings and captions in this Stipulation are used for the purpose of convenience only and are not meant to have any legal effect on the meaning or interpretation of this Stipulation or any of its terms or provisions.

15.8 The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation and for the purpose of entering orders providing for awards of attorneys' fees and expenses to Plaintiffs' Counsel.

15.9 The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of the same or any other provision of this Stipulation.

15.10 This Stipulation, the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto concerning the Settlement of the Action, and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation and its Exhibits and the Supplemental Agreement other than those contained and memorialized in such documents. Except as provided herein, each Settling Party shall bear its own costs.

15.11 This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Settling Parties to this Stipulation shall exchange among themselves original signed counterparts.

15.12 This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties hereto.

15.13 The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of Connecticut without regard to any choice of law provision, except to the extent that federal law requires that federal law govern.

15.14 This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that this Stipulation is the result of arm's-length negotiations between the Settling Parties and all Settling Parties have contributed substantially and materially to its preparation.

15.15 All counsel and any other Person executing this Stipulation and any of the Exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

15.16 Lead Plaintiff's Counsel and Defendants' counsel agree to cooperate fully with one another in seeking Court approval of the Order for Notice and Hearing, the Stipulation and the Settlement, and to agree upon and execute all such other documentation promptly as may be reasonably required to obtain final approval by the Court of the Settlement.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated January 22, 2009.


SCOTT + SCOTT LLP
DAVID R. SCOTT (CT16080)
ERIN GREEN COMITE (CT23886)
108 Norwich Avenue
Colchester, CT 06415
Telephone: 860/537-3818
860/537-4432 (fax)

Liaison Counsel

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA, JR.
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
ELLEN GUSIKOFF STEWART

ELLEN GUSIKOFF STEWART

655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

DAY PITNEY LLP
DAVID J. ELLIOTT (CT04301)
TERENCE J. GALLAGHER (CT22415)
242 Trumbull Street
Hartford, CT 06103
Telephone: 860/275-0100
860/275-0343 (fax)

KRAMER LEVIN NAFTALIS &
FRANKEL LLP
GARY P. NAFTALIS
ALAN R. FRIEDMAN
STEPHEN M. SINAIKO

/s/ Alan R. Friedman
ALAN R. FRIEDMAN

1177 Avenue of the Americas
New York, NY 10036
Telephone: 212/715-9100
212/715-8000 (fax)

Counsel for Defendants United Rentals, Inc., Wayland R. Hicks, Bradley S. Jacobs and Joseph Sherk

PEPE & HAZARD LLP
LOUIS R. PEPE (CT04319)
JAMES A. BUDINETZ (CT16068)
Goodwin Square, 225 Asylum Street
Hartford, Connecticut 06103
Telephone: 860/522-5175
860/522-2796

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
JOHN K. CARROLL

JOHN K. CARROLL

Four Times Square
New York, New York 10036
Telephone: 212/735-3000
212/735-2000 (fax)

Counsel for Defendant John N. Milne

COWDERY, ECKER & MURPHY, L.L.C.
JAMES T. COWDERY (CT05103)
280 Trumbull Street, 22nd Floor
Hartford, Connecticut 06103
Telephone: 860/278-5555
860/249-0012 (fax)

DEBEVOISE & PLIMPTON LLP
JONATHAN R. TUTTLE
ADA FERNANDEZ JOHNSON

JONATHAN R. TUTTLE

555 13th Street, N.W.
Washington, D.C. 20004
Telephone: 202/383-8000
202/383-8118 (fax)

Counsel for Defendant Michael J. Nolan

PEPE & HAZARD LLP
LOUIS R. PEPE (CT04319)
JAMES A. BUDINETZ (CT16068)
Goodwin Square, 225 Asylum Street
Hartford, Connecticut 06103
Telephone: 860/522-5175
860/522-2796

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
JOHN K. CARROLL

______________________________
JOHN K. CARROLL

Four Times Square
New York, New York 10036
Telephone: 212/735-3000
212/735-2000 (fax)

Counsel for Defendant John N. Milne

COWDERY, ECKER & MURPHY, L.L.C.
JAMES T. COWDERY (CT05103)
280 Trumbull Street, 22nd Floor
Hartford, Connecticut 06103
Telephone: 860/278-5555
860/249-0012 (fax)

DEBEVOISE & PLIMPTON LLP
JONATHAN R. TUTTLE
ADA FERNANDEZ JOHNSON

JONATHAN R. TUTTLE

555 13th Street, N.W.
Washington, D.C. 20004
Telephone: 202/383-8000
202/383-8118 (fax)

Counsel for Defendant Michael J. Nolan

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 28, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 28, 2009.

s/ Ellen Gusikoff Stewart

ELLEN GUSIKOFF STEWART

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:elleng@csgrr.com

# Mailing Information for a Case 3:04-cv-01615-CFD

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **James A. Budinetz**
  jbudinetz@pepehazard.com
- **Erin Green Comite**
  ecomite@scott-scott.com,cmcgowan@scott-scott.com,jderrico@scott-scott.com
- **James T. Cowdery**
  jcowdery@cemlaw.com,dmurphy@cemlaw.com
- **Nicholas P. Crowell**
  ncrowell@sidley.com
- **David J. Elliott**
  djelliott@daypitney.com,dcharles@daypitney.com
- **Martin Flumenbaum**
  mflumenbaum@paulweiss.com,escavo@paulweiss.com
- **Alan R. Friedman**
  afriedman@kramerlevin.com
- **Terence J. Gallagher , III**
  tjgallagher@daypitney.com,eecaie@daypitney.com
- **Ada Fernandez Johnson**
  afjohnson@debevoise.com
- **Alex J. Kaplan**
  ajkaplan@sidley.com
- **Stephen E. Kaufman**
  Skaufman@sekpc.com
- **Patrick A. Klingman**
  pklingman@sfmslaw.com
- **Nancy A. Kulesa**
  nkulesa@izardnobel.com
- **Julia Tarver Mason**
  jmason@paulweiss.com

- **David Meister**
  david.meister@skadden.com
- **James D. Miller**
  james.miller@cliffordchance.com
- **James E. Miller**
  jmiller@sfmslaw.com
- **Kara E. Morrow**
  kara.morrow@cliffordchance.com
- **Gary P. Naftalis**
  gnaftalis@kramerlevin.com
- **Louis R. Pepe**
  lpepe@pepehazard.com
- **David A. Rosenfeld**
  Drosenfeld@csgrr.com,amartin@csgrr.com
- **Samuel H. Rudman**
  srudman@csgrr.com
- **David Randell Scott**
  drscott@scott-scott.com,cmcgowan@scott-scott.com,efile@scott-scott.com
- **Stephen M. Sinaiko**
  ssinaiko@kramerlevin.com
- **Thomas McC. Souther**
  tsouther@sidley.com
- **Michael J. Sternhell**
  msternhell@kramerlevin.com
- **Ellen Gusikoff Stewart**
  elleng@csgrr.com
- **Jonathan R. Tuttle**
  jrtuttle@debevoise.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)